Totten, J.,
delivered tbe opinion of tbe court.
Indictment for gaming. Tbe defendant pleaded in abatement, tbat M. W. Morris and Kobert B. Douglass,, were engaged witb bim, tbe said defendant, in tbe same act of gaming; tbat tbey are severally indicted in said court for said offence, instead of joining all in tbe same indictment, as required by law in sucb' case.
Tbe Attorney General demurred to this plea: tbe demurrer was overruled, and judgment to tbe effect, tbat said prosecution do abate, being rendered, tbe Attorney General appealed in error. Tbe plea is based on tbe Act of 1844, cb. 215, §11, wbicb provides, “Tbat in all indictments for criminal offences, tbe Attorney General sball include in tbe same bill of indictment all persons- engaged in tbe same offence, and tbe costs- sball be taxed as one suit; unless tbe defendants sball sever in tbeir trials, and in tbat event, tbe costs sball be taxed as two or more suits, according to tbe nature of tbe case.”
Tbe question is, does tbe Act contain matter in abatement, or matter in defence for tbe accused, where its provisions are not complied witb? We are clearly of opinion tbat it does not.
If an Indictment be found against one or more persons, and it afterwards be discovered tbat others were j■particeps criminis, in tbe same offence, are tbey to go free from punishment, unwbipt of justice, because not *275 known and included in tbe first indictment? Certainly not, and yet, sucb is a consequence of tbe construction contended for.
Tbe Act was intended to lessen costs in criminal cases, and in this respect is directory to tbe Attorney General, whose duty it is to comply with its provisions, and to include in tbe same indictment, all persons accused of a joint offence.
But if be do not, it is no defense for tbe accused, who may defend themselves as well, whether tbe form of tbe accusation be joint .or several.
As to tbe costs incident to tbe prosecution, they are subject, under tbe law, to tbe control and . action of the court, and if taxed contrary to its true intent, will of course be corrected. But we are not to presume that tbe legislature intended to make, tbe public justice inferior to a mere matter of costs. •
Reverse tbe judgment and remand tbe cause.